# UNITED STATES DISTRICT COURT

District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> SERGEY MEDVEDEV <br> a/k/a Stells <br> a/k/a Segmed <br> a/k/a Serjbear | **JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number:  2:17-cr-00306-JCM-VCF-2 <br><br> USM Number:  54681-048 <br><br> Lance A Maningo, CJA <br> Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One of the Second Superseding Indictment

☐ pleaded nolo contendere to count(s)
 which was accepted by the court.

☐ was found guilty on count(s)
 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(d) & <br> 18 U.S.C. § 1963 | Racketeering Conspiracy | 2/6/0218 | 1ss |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   all remaining    ☐ is    ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/19/2021
Date of Imposition of Judgment

*/s/ James C. Mahan*
Signature of Judge

JAMES C. MAHAN, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

March 24, 2021
Date

AO 245B (Rev. 09/20) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 7

DEFENDANT: SERGEY MEDVEDEV a/k/a Stells a/k/a Segmed a/k/a Serjbear
CASE NUMBER: 2:17-cr-00306-JCM-VCF-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

One hundred and twenty (120) months.

☑ The court makes the following recommendations to the Bureau of Prisons:

Any BOP facility in Texas.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/20)   Judgment in a Criminal Case
　　　　　　　　　　  Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: SERGEY MEDVEDEV a/k/a Stells a/k/a Segmed a/k/a Serjbear
CASE NUMBER: 2:17-cr-00306-JCM-VCF-2

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Three (3) years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/20)   Judgment in a Criminal Case
                        Sheet 3A — Supervised Release

Judgment—Page  4  of  7

DEFENDANT: SERGEY MEDVEDEV a/k/a Stells a/k/a Segmed a/k/a Serjbear
CASE NUMBER: 2:17-cr-00306-JCM-VCF-2

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: SERGEY MEDVEDEV a/k/a Stells a/k/a Segmed a/k/a Serjbear
CASE NUMBER: 2:17-cr-00306-JCM-VCF-2

## SPECIAL CONDITIONS OF SUPERVISION

1. Access to Financial Information – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

2. Debt Obligations – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

3. Financial Penalty – If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

4. No Contact – You must not communicate, or otherwise interact, with your codefendants, either directly or through someone else, without first obtaining the permission of the probation office.

5. Search and Seizure – You must submit your person, property, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

6. Mental Health Treatment – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program.

7. Computer Monitoring – You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

8. Computer Search – Monitoring Software – To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030 (e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

9. Deportation Compliance – If you are ordered deported from the United States, you must remain outside the United States, unless legally authorized to re-enter. If you re-enter the United States, you must report to the nearest probation office within 72 hours after you return.

Note: A written statement of the conditions of release to be provided to defense counsel by the probation officer.

AO 245B (Rev. 09/20)  Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT: SERGEY MEDVEDEV a/k/a Stells a/k/a Segmed a/k/a Serjbear
CASE NUMBER: 2:17-cr-00306-JCM-VCF-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ N/A | $ 568,000,000.00 | $ N/A | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 7 of 7

DEFENDANT: SERGEY MEDVEDEV a/k/a Stells a/k/a Segmed a/k/a Serjbear
CASE NUMBER: 2:17-cr-00306-JCM-VCF-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 568,000,100.00 due immediately, balance due

　　☐ not later than _____ , or
　　☐ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
Any unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| See attached list | 568,000,000.00 | 568,000,000.00 | Crime Victims Fund |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
Final Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# **CO-DEFENDANTS**

Svyatoslav Bondarenko - 2:17CR00306-1

Amjad Ali - 2:17CR00306-3

Arnaldo Sanchez Torteya - 2:17CR00306-5

Miroslav Kovacevic - 2:17CR00306-6

Frederick Thomas - 2:17CR00306-7

Osama Abdelhamed - 2:17CR00306-8

Besart Hoxha - 2:17CR00306-9

Raihan Ahmed - 2:17CR00306-10

Andrey Sergeevich Novak - 2:17CR00306-11

Valerian Chiochiu - 2:17CR00306-12

John Doe #8 - 2:17CR00306-13

Gennaro Fioretti - 2:17CR00306-14

Edgar Rojas - 2:17CR00306-15

John Westley Telusma - 2:17CR00306-16

Rami Fawaz - 2:17CR00306-17

Muhammad Shiraz - 2:17CR00306-18

Jose Gamboa - 2:17CR00306-19

Alexey Klimenko - 2:17CR00306-20

Edward Lavoile - 2:17CR00306-21

Anthony Nnamdi Okeakpu - 2:17CR00306-22

Pius Sushil Wilson - 2:17CR00306-23

Muhammad Khan - 2:17CR00306-24

John Doe #7 - 2:17CR00306-25

John Doe #1 - 2:17CR00306-26

David Jonathan Vargas - 2:17CR00306-27

John Doe #2 - 2:17CR00306-28

Marko Leopard - 2:17CR00306-29

Taimoor Zaman - 2:17CR00306-30

Aldo Ymeraj - 2:17CR00306-31

John Doe #4 - 2:17CR00306-32

Liridon Musliu - 2:17CR00306-33

John Doe #5 - 2:17CR00306-34

Mena Mouries Abd El-Malak - 2:17CR00306-35

John Doe #6 - 2:17CR00306-36

FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 19 2021

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-CR-306-JCM-VCF |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| SERGEY MEDVEDEV, a.k.a. "Stells," a.k.a. "segmed," a.k.a. "serjbear," | |
| Defendant. | |

This Court found that Sergey Medvedev, a.k.a. "Stells," a.k.a. "segmed," a.k.a. "serjbear," shall pay the in personam criminal forfeiture money judgment of $1,041,517.84 pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 1963(a)(1), (a)(2), and (a)(3); 18 U.S.C. § 1028(b)(5), (g), and (h); 18 U.S.C. § 1029(c)(1)(C) and 1029(c)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); 18 U.S.C. § 982(a)(2)(B); 18 U.S.C. § 982(a)(6)(A)(ii)(I) with 982(a)(6)(B); 18 U.S.C. § 982(a)(6)(A)(ii)(II) with 982(a)(6)(B); and 18 U.S.C. § 1963(m). Superseding Criminal Indictment, ECF No. 303; Change of Plea, ECF No. 717; Plea Agreement, ECF No. 719; Preliminary Order of Forfeiture, ECF No. 720.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment amount of $1,041,517.84 complies with *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover from Sergey Medvedev, a.k.a. "Stells," a.k.a. "segmed," a.k.a. "serjbear," the in personam criminal forfeiture money judgment of $1,041,517.84, not to be held jointly and severally liable with any codefendants and the collected money judgment amount between the codefendants is not to exceed $568,000,000 pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); 18 U.S.C. § 1963(a)(1), (a)(2), and (a)(3); 18 U.S.C. § 1028(b)(5), (g), and (h); 18 U.S.C. § 1029(c)(1)(C) and 1029(c)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A); 18 U.S.C. § 982(a)(2)(B); 18 U.S.C. § 982(a)(6)(A)(ii)(I) with 982(a)(6)(B); 18 U.S.C. § 982(a)(6)(A)(ii)(II) with 982(a)(6)(B); and 18 U.S.C. § 1963(m).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED March 19, 2021.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

2